**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHILLCO, INC.** | : | **CIV NO. 2:17-cv-2774** |
| **PLAINTIFFS,** | : | **JUDGE ________________** |
| **VERSUS** | : | **MAGISTRATE __________** |
| **TRI MECH INDUSTRIAL, L.L.C., PHILIP BERZAS, GENE JEWELL, JUSTIN STILLMAN, MICHAEL LEE JEWELL, AND VICTORIA ROGERS** | : | **SECTION ______________** |
| **DEFENDANTS.** | : | |

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

---

Plaintiff ChillCo, Inc. ("ChillCo") files this Complaint for Damages and for Injunctive Relief and asserts the following allegations and causes of action against Tri Mech Industrial, L.L.C. ("Tri Mech") and against Tri Mech's three members — Philip Berzas, Gene Jewell, and Justin Stillman — and two of its employees —Michael Lee Jewell and Victoria Rodgers — (collectively, the "Individual Defendants" and with Tri Mech, the "Defendants"):

**SUMMARY OF DISPUTE**

1. This case centers on an elaborate scheme to unfairly compete against ChillCo. The Individual Defendants conspired to improperly work against ChillCo's business interest by usurping and funneling business opportunities to Tri Mech (their newly formed business); breaching their duties of loyalty; sabotaging ChillCo's business opportunities; misusing ChillCo's confidential business information and trade secrets; and covering up their misconduct by deleting information and communications from their work-issued computing devices. The

Defendants' scheme has irreparably harmed ChillCo, entitling it to injunctive relief and an award of damages.

## PARTIES

2. ChillCo is a Louisiana corporation with its principal place of business in St. Tammany Parish and is authorized to do and is doing business in the State of Louisiana.

3. Defendant Tri Mech Industrial, L.L.C. is limited liability company, formed under Louisiana law, with a registered address within Evangeline Parish.

4. Defendant Philip Berzas is a Louisiana citizen, who is domiciled in Evangeline Parish and a member of Tri Mech.

5. Defendant Gene Jewell is a Louisiana citizen, who is domiciled in West Baton Rouge Parish and a member of Tri Mech.

6. Defendant Justin Stillman is a Louisiana citizen, who is domiciled in St. Tammany Parish and a member of Tri Mech.

7. Defendant Michael Lee Jewell is a Louisiana citizen, who is employed by Tri Mech.

8. Defendant Victoria Rogers is a Louisiana citizen, who is employed by Tri Mech.

## JURISDICTION AND VENUE

9. This is a civil action arising under a federal statute, namely the Defend Trade Secrets Act, 18 U.S.C. § 1836(c), and therefore this Court has original jurisdiction over this matter under 28 U.S.C. §1331. Under 28 U.S.C. §1367, this Court also has supplemental jurisdiction over Plaintiffs' other claims because they form part of the same case or controversy.

10. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. §1391(b)(1) because all Defendants are residents of Louisiana and Defendant Stillman is domiciled in the

Eastern District. Venue is also proper in the Eastern District of Louisiana under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in the Eastern District.

**FACTUAL ALLEGATIONS**

11. ChillCo is a nationwide provider of commercial and industrial chiller services and equipment. ChillCo's business includes chiller sales and rentals, with a specialization in large tonnage chillers, for use in commercial and industrial applications. ChillCo also provides related parts and services, including consulting, field service, equipment installation, major repairs, replacement parts, remanufacturing, rental boilers, automated controls, and custom chiller training.

12. During the course of its business, ChillCo has developed confidential business information, which is an essential part of its success. Given the importance and value of this information, ChillCo safeguards the information's confidentiality through non-disclosure agreements/policies and by limiting its access within the company on a need-to-know basis.

13. ChillCo considered the Individual Defendants essential employees, who were entrusted with access to its confidential business information — including pricing information, customer lists, financial information, computer programs, and/or software — in order for the Individual Defendants to perform their job duties for ChillCo's benefit.

14. During their employment with ChillCo, the Individual Defendants agreed to abide by ChillCo's non-disclosure policies designed to protect the confidentiality of its business information.

15. ChillCo also entrusted the Individual Defendants to communicate with ChillCo's customers and to help strengthen those relationships exclusively for ChillCo's benefit.

16. The Individual Defendants breached the trust that ChillCo placed in them when they began to conspire against ChillCo to benefit themselves and Tri Mech and to competitively harm ChillCo.

17. Around November 2015, Defendant Berzas began to hatch a plan to start a company that would compete with ChillCo and understood that this new company would require start-up capital to get the competing business off the ground.

18. As a trusted employee under various confidentiality obligations, Defendant Berzas had access to ChillCo's confidential business information that he could covertly pilfer to compile a business plan that would ultimately help him procure the initial capital. This information included ChillCo's technical data, copies of past customer quotes and bids, customer-related files, equipment costs, billing rates, and job financials.

19. Defendant Berzas began to covertly use this information to put together a business plan to obtain a business loan from a banking institution.

20. As Defendant Berzas began compiling this information, he also began soliciting ChillCo's customers about switching business to the new company that he was planning to launch. These solicitations occurred while Defendant Berzas was still employed by ChillCo — and he was eventually able to procure a purchase order for his new company from a ChillCo customer while Defendant Berzas was still employed by ChillCo.

21. At the same time, Defendant Berzas reached out to Defendant Stillman, who had recently resigned from ChillCo but who was subject to an agreement that prohibited him from competing against ChillCo within St. Tammany Parish, protected ChillCo's confidential business information, and prevented Defendant Stillman from recruiting ChillCo's employees.

22. The two of them began to recruit other ChillCo employees to participate in their covert plan.

23. During the recruitment of at least one current ChillCo employee, Defendant Berzas explained the plan for the new business (which would officially become Tri Mech) and that he had already solicited certain customers, at least one of whom had agreed to move work over from ChillCo to Defendant Berzas's new company.

24. The recruitment of ChillCo's employees began while Defendant Berzas was still employed by ChillCo and while Defendant Stillman was subject to an agreement that prohibited such recruiting.

25. After ChillCo learned that Defendant Berzas was planning to start a competing business, ChillCo terminated his employment. His last day was on or about April 18, 2016, and on that same date, Defendant Berzas verified that he had returned "all ChillCo assets." This should have included ChillCo's confidential business information.

26. Soon after Defendant Berzas's termination — on April 25, 2016 — Tri Mech was officially registered with the Louisiana Secretary of State. Defendant Berzas was listed as a member and registered agent of service, while Defendants Stillman and Defendant Gene Jewell were listed as members. Defendant Gene Jewell was still employed by ChillCo when Tri Mech was organized.

27. More resignations quickly followed. Defendant Gene Jewell resigned from ChillCo on or around May 4, 2016, at which time he verified that he had returned "all ChillCo assets," and Defendant Michael Lee Jewell resigned on July 7, 2016, at which time he verified that he returned "all ChillCo assets." Both went to work for Tri Mech.

28. After these resignations, ChillCo learned that they had effectively sabotaged business opportunities that they were entrusted to pursue on ChillCo's behalf. They effectively ensured that Tri Mech would receive these business opportunities once the company was operational — and that is what happened.

29. After these resignations and while ChillCo was conducting its investigation into the facts supporting these allegations, ChillCo employed Defendant Rogers. ChillCo learned that Defendant Stillman was communicating with Defendant Rogers extensively during the ongoing investigation. On information and belief, Defendant Stillman was recruiting Defendant Rogers to leave ChillCo and join Tri Mech, as well as exchanging confidential business information concerning ChillCo, which is why Defendant Rogers deleted an extensive amount of information from her ChillCo devices and accounts after giving notice of her resignation.

30. During its investigation, ChillCo also had reason to believe that the Individual Defendants had pilfered ChillCo's confidential business information shortly before leaving ChillCo — and while they were conspiring to launch Tri Mech as a ChillCo competitor — but the Individual Defendants made it difficult to uncover this evidence by deleting information from their ChillCo-issued computing devices and email accounts.

31. But just recently, Defendants' counsel confirmed that Defendants were in possession of ChillCo's confidential business information.

32. On information and belief, Tri Mech and the Individual Defendants have been using this confidential business information to compete unfairly against ChillCo and to unjustly enrich themselves.

**COUNT 1**
**Breach of Duty of Loyalty**

33. ChillCo reasserts and realleges the allegations set forth in Paragraphs 1-32 of its Complaint as though fully set forth here.

34. Defendants Berzas, Gene Jewell, Michael Lee Jewell, and Rogers were employees of ChillCo who owed various duties of loyalty to act in ChillCo's interest while employed by ChillCo.

35. Defendants Berzas, Gene Jewell, and Michael Jewell breached this duty of loyalty by soliciting business for their own and/or Tri Mech's benefit while still employed by ChillCo.

36. On information and belief, Defendant Rogers breached her duty of loyalty by exchanging confidential business information concerning ChillCo with Defendant Stillman while she was still employed by ChillCo.

37. The Individual Defendants have also breached their duties of loyalty by taking and using ChillCo's confidential business information to compete against ChillCo, including the confidential business information that resides on the external storage device maintained by Defendant Berzas.

38. Based on information and belief, the Individual Defendants are still in possession of ChillCo's confidential business information and is able to access and use this information on behalf of themselves and Tri Mech.

39. The Individual Defendants' breach of their fiduciary duties has caused ChillCo to suffer damages that ChillCo is entitled to recover in an amount to be determined at trial.

**COUNT 2**
**Unfair Trade Practices**

40. ChillCo reasserts and realleges the allegations set forth in Paragraphs 1-39 of its Complaint as though fully set forth here.

41. Through egregious, deceptive, unethical, unscrupulous, and oppressive acts, the Individual Defendants have committed unfair trade practices under La. Rev. Stat. § 51:1401 *et seq*.

42. Specifically, the Individual Defendants have not only misappropriated ChillCo's confidential business information (and used that information to compete against ChillCo) but they were also funneling business to Tri Mech and sabotaging ChillCo's business opportunities while many were still employed by ChillCo.

43. The Individual Defendants were aware that these actions were unfair to ChillCo and would give themselves and Tri Mech an unfair competitive advantage. The Individual Defendants amplified unfair trade practices by taking active steps to hide these unfair practices.

44. The Individual Defendants were also aware that their unfair actions were done on behalf of Tri Mech.

45. Because of Defendants' unfair and deceptive acts, ChillCo has suffered, and continues to suffer, actual damages.

46. Notification of this Complaint will be sent to the Attorney General's Office as set forth in La. Rev. Stat. § 51:1409(B), and if the Defendants continue their unfair trade practices after receiving notice from the Attorney General's Office about the potential for treble damages and the nature of ChillCo's claims, ChillCo will be entitled to treble damages under La. Rev. Stat. § 51:1409.

**COUNT 3**
**Misappropriation of Trade Secrets — Defend Trade Secrets Act**

47. ChillCo reasserts and realleges the allegations set forth in Paragraphs 1-46 of its Complaint as though fully set forth here.

48. ChillCo owned and possessed business information relating to not only the services and products it provides but also how ChillCo essentially brings its services and products to the market.

49. ChillCo has taken reasonable measures to keep its confidential business information a secret, such as requiring its employees and the Individual Defendants to agree to abide by confidentiality and non-disclosure obligations. This confidential business information has independent value because it is confidential and not available to the public. The information thus qualifies as a trade secret.

50. In violation of ChillCo's rights, the Defendants have misappropriated ChillCo's trade secrets — including the trade secrets that currently reside on the external storage device maintained by Defendant Berzas — and has used those trade secrets to compete against ChillCo and to unjustly enrich themselves.

51. Defendants' misappropriation of ChillCo's trade secret information was intentional, willful, and malicious.

52. On information and belief, Defendants have used and, if not enjoined, will continue to misappropriate, disclose, and use — for their own benefit and to ChillCo's detriment — ChillCo's trade secret information.

53. Because of Defendants' wrongful conduct, ChillCo has been injured and is entitled to injunctive relief and to recover damages, including exemplary damages and attorney's fees, in an amount to be established at trial.

**COUNT 4**
**Misappropriation of Confidential Information and Trade Secrets**

54. ChillCo reasserts and realleges the allegations set forth in Paragraphs 1-53 of its Complaint as though fully set forth here.

55. ChillCo owned and possessed business information relating to not only the services and products it provides but also how ChillCo essentially brings its services and products to the market.

56. ChillCo has taken reasonable measures to keep its confidential business information a secret, such as requiring its employees and the Individual Defendants to agree to abide by confidentiality and non-disclosure obligations. This confidential business information has independent value because it is confidential and not available to the public. The information thus qualifies as a trade secret.

57. In violation of ChillCo's rights, the Defendants have misappropriated ChillCo's trade secrets — including the trade secrets that currently reside on the external storage device maintained by Defendant Berzas — and has used those trade secrets to compete against ChillCo and to unjustly enrich themselves.

58. Defendants' misappropriation of ChillCo's trade secret information was intentional, willful, and malicious.

59. On information and belief, Defendants have used and, if not enjoined, will continue to misappropriate, disclose, and use — for their own benefit and to ChillCo's detriment — ChillCo's trade secret information.

60. Because of Defendants' wrongful conduct, ChillCo has been injured and is entitled to injunctive relief and to recover damages, including exemplary damages and attorney's fees, in an amount to be established at trial.

**COUNT 5**
**Conspiracy**

61. ChillCo reasserts and realleges the allegations set forth in Paragraphs 1-60 of its Complaint as though fully set forth here.

62. As more fully described above, Defendants conspired to misappropriate and use ChillCo's confidential business information while Defendants Berzas, Gene Jewell, Michael Jewell, and Rogers were still employed by ChillCo and after leaving ChillCo's employment. They also conspired to sabotage ChillCo's business relationships and opportunities and to hide their unfair trade practices by deleting or otherwise concealing their misconduct.

63. The Individual Defendants' conduct was done on behalf of and with the blessing of Tri Mech, and this concealed conspiracy allowed the Defendants to build Tri Mech into ChillCo's direct competitor.

64. Defendants are solidarily liable for these "intentional and willful" acts.

65. ChillCo is thus entitled to all damages caused by Defendants' conspiracy, punitive damages, attorneys' fees and costs, and all equitable relief this Court deems necessary.

**COUNT 6**
**Breach of Contract**

66. ChillCo reasserts and realleges the allegations set forth in Paragraphs 1-65 of its Complaint as though fully set forth here.

67. Defendant Stillman agreed to enter into a contract with ChillCo that was titled "Confidentiality, Non-Competition and Non-Solicitation Agreement."

68. The agreement prevented Defendant Stillman from using and duplicating ChillCo's confidential business information except to benefit ChillCo.

69. The agreement also prevented Defendant Stillman from competing against ChillCo within at least the Parish of St. Tammany during his employment and for a period of two years after his employment ended.

70. The agreement also prevented Defendant Stillman—for a period of two years—from soliciting or recruiting employees of ChillCo to leave their employment.

71. On information and belief, Defendant Stillman has breached these contractual obligations by using ChillCo's confidential business information to benefit Tri Mech and to harm ChillCo; by competing against ChillCo within St. Tammany Parish; and by soliciting ChillCo employees to leave their employment and join him at Tri Mech.

72. These breaches have caused damages to ChillCo in an amount that will be determined at trial.

## COUNT 7
## Application for Injunctive Relief

73. ChillCo reasserts and realleges the allegations set forth in Paragraphs 1-72 of its Complaint as though fully set forth here.

74. ChillCo will suffer irreparable injury if the Defendants are not enjoined from using and disclosing ChillCo's confidential business information and interfering with ChillCo's business relationships.

75. ChillCo has and will continue to suffer irreparable harm — including, but not limited to, immediately and irreparably disrupting and damaging its business operations, industry goodwill, and ability to fairly compete — for which there is no adequate remedy at law.

76. Money damages will be inadequate to fully compensate ChillCo for the loss of its confidential business information, competitive edge, good will, and an amount of future profits that would result from Defendants' continued wrongful acts.

77. ChillCo is therefore entitled to an injunction prohibiting Defendants' unlawful possession and use of ChillCo's confidential business information and to preserve ChillCo's rights and maintain the value of its goodwill and confidential business information.

78. ChillCo has a clear legal right to prevent Defendants from continuing their improper and unlawful activities.

79. ChillCo has a substantial likelihood of success on the merits, and the entry of an injunction will not be contrary to the public health, safety and welfare.

80. When balancing the irreparable harm to ChillCo, the Defendants and the community, the harm will be significant if ChillCo is unable to immediately enforce its rights and later ultimately prevails, whereas Defendants may continue to pursue their business through other sources if the status quo is maintained and they ultimately prevail.

* * * * *

WHEREFORE, ChillCo respectfully requests that this Honorable Court enter a final judgment and order providing the following relief:

a. Enjoining Defendants from utilizing any confidential business information belonging to ChillCo;

b. Ordering that Defendants immediately return all of ChillCo's business information;

c. Ordering that the Individual Defendants return all salary, commissions, bonuses, benefits, and other compensation they earned from Defendants during their period of disloyalty.

d. Awarding ChillCo money damages, including general damages, special damages, and treble damages against Defendants, plus costs of suit, interest, attorneys' fees,

and expert fees; and

e. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/Joseph F. Lavigne*

JOSEPH F. LAVIGNE (28119)
P.J. KEE (34860)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: 504-582-8000
Fax: 504-589-8000
jlavigne@joneswalker.com
pkee@joneswalker.com
***Attorneys for ChillCo Inc.***